IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-11268
Summary Calendar
_____

JIMMY ROY DAVIDSON,

                                    Plaintiff-Appellant,

versus

OSCAR STRAIN ET AL.,

                                    Defendants,

OSCAR STRAIN; RONALD D. DREWRY;
C. RAINES, Assistant Warden,

                                    Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:95-CV-144-BA
- - - - - - - - - -
June 19, 1998
Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Jimmy Roy Davidson, Texas prisoner # 612588, has appealed the district court's dismissal of his claims against Assistant Warden C. Raines, Captain Oscar Strain, and correctional officer M. Baker, all of whom he sued in their individual capacities. Davidson's second amended complaint challenges the

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

constitutionality of a disciplinary hearing at which he was convicted of having failed to obey an order which Baker gave him. Davidson also requests monetary damages for having been required to serve part of his sentence under cell, commissary, and property restrictions, both before and after Raines set aside the sentence and conviction.

The district court held that Davidson had failed to state a claim under 42 U.S.C. § 1983, because his disciplinary conviction did not result in the loss of any good-conduct time. Davidson's contention that he is entitled to relief under § 1983 because the conviction deprived him of the opportunity to earn good-conduct time has no merit. See Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995).

Davidson contends that he is entitled to relief because the appellee violated provisions of an unpublished 1992 consent judgment in Ruiz v. Estelle, 503 F. Supp. 1265 (S.D. Tex. 1980), aff'd in part, rev'd in part, 679 F.2d 1115, amended in part, vacated in part, 688 F.2d 266 (5th Cir. 1982). There is no merit to this contention. See Green v. McKaskle, 788 F.2d 1116, 1123 (5th Cir. 1983).

The district court's final order refutes Davidson's contention that the district court impermissibly granted summary judgment to the appellees. Finally, Davidson is not entitled to relief on grounds that the district court erred by considering his motion to alter or amend the judgment as a motion for new

trial, and by refusing to consider supporting materials which the court received two days after denying the motion.

JUDGMENT AFFIRMED.